MARGARET IMMERMAN, Respondent, v. CONRAD IMMERMAN, Appellant.

Second Department, October 24, 1930.

*Martin Schlesinger*, for the appellant.

*Reuben S. Levins*, for the respondent.

PER CURIAM. This is an appeal from an order denying defendant's motion to vacate a notice of examination before trial. The action is brought for a decree of separation on the ground of abandonment and non-support. The plaintiff claims that a common-law marriage was entered into between the parties in September, 1922, and the notice requires an examination of the defendant upon all the allegations of the complaint. This will permit an examination as to the personal relationship alleged to exist between the parties over a period of years. The learned justice at Special Term denied the motion to vacate, stating that, while such an examination apparently would not be permitted in the First Department, it had been upheld in the Second Department, and the statute (Civ. Prac. Act, § 288 *et seq.*) carried no limitation appli-

cable to matrimonial actions. Apparently, some misapprehension exists as to the attitude of this court upon the question involved upon this appeal. It is not, nor has it been, the policy of this court to permit unlimited examinations before trial of parties in actions of this kind. We have repeatedly stated that such an examination should not be permitted. It is undoubtedly true that, in some cases, a particular issue arises which justifies an examination of a party before trial upon that issue. Such was the situation in *McCanliss* v. *McCanliss, No. 2* (224 App. Div. 668), relied on by the justice making the order appealed from. That action was brought for annulment on the ground of fraud. The defendant wife pleaded the defense of voluntary cohabitation with full knowledge of the facts, and sought an examination of the plaintiff upon this issue. If the plaintiff admitted this allegation, upon the examination, it would end the litigation, and, for this reason, such examination was allowed. Other cases involving similar issues have arisen and will arise, but we wish to make it plain that the policy of this court is that unlimited and general examinations of parties in actions of this kind should not be permitted.

The order appealed from should be reversed, without costs, and the motion to vacate granted, without costs.

LAZANSKY, P. J., YOUNG, KAPPER, SCUDDER and TOMPKINS, JJ., concur.

Order denying motion to vacate notice of examination before trial reversed upon the law and the facts, without costs, and motion granted, without costs.