In the Matter of the Arbitration between A. & A. HOLDING CORP., et al., Appellants, and POT COVE ASSOCIATES, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Present — Dore, J. P., Cohn, Van Voorhis and Breitel, JJ.

---

NEWSPAPER REALTY CORP., Respondent, v. JONATHAN F. BUTLER et al., Doing Business as ROGERS & BUTLER, Appellants.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Present — Dore, J. P., Cohn, Van Voorhis and Breitel, JJ. [See *post*, p. 744.]

---

In the Matter of the Estate of IDA WIDELITZ, Deceased. DAVID B. WIDELITZ et al., Appellants; JACOB WIDELITZ, Respondent.— Decree unanimously affirmed, with one bill of costs. No opinion. Present — Dore, J. P., Cohn, Van Voorhis and Breitel, JJ.

---

EVANGELINE CALLAS, Respondent, v. GEORGE V. CALLAS, Appellant.— As the order under which the default occurred was not personally served on defendant (Civ. Prac. Act, § 1172, as amd.), the order appealed from is unanimously reversed and the motion denied. Present — Dore, J. P., Cohn, Van Voorhis and Breitel, JJ.

---

HANS FIELD, Respondent, v. REA H. FIELD, Appellant.— Order unanimously reversed, with $10 costs and disbursements to the appellant, and the motion denied. Examinations before trial in matrimonial actions which would allow inquiry into the marital relations of the parties, as a matter of policy are not usually permitted. No special circumstances are shown here to warrant an exception to this general rule (*Tausik* v. *Tausik*, 280 App. Div. 887 [1st Dept.]; *Applebaum* v. *Applebaum*, 273 App. Div. 966 [2d Dept.]; *Shatz* v. *Shatz*, 248 App. Div. 594 [2d Dept.]). Present — Dore, J. P., Cohn, Van Voorhis and Breitel, JJ.

---

In the Matter of the Arbitration between CHARLES FAY, as President of United Electrical, Radio & Machine Workers of America, Local 475, Respondent, and ASTERLOID MFG. Co. INC., Appellant.— There is no covenant in the agreement between the parties requiring appellant to continue manufacturing. It may not be compelled to arbitrate any claim arising out of its failure to do so. (*Matter of Kosoff* [" *Jones* "], 276 App. Div. 621, affd. 303 N. Y. 663.) As there is here a question of fact as to whether appellant has discontinued manufacturing, such issue should first be determined. Order unanimously modified so as to refer to an official referee the question as to whether petitioner has since May, 1952, actually discontinued manufacturing the products in question. Settle order on notice. Present — Dore, J. P., Cohn, Van Voorhis and Breitel, JJ.

---

In the Matter of the Compulsory Accounting of ANTHONY BARTOLI, as Executor of SARAFINA BARTOLI, Deceased, Appellant. ELEANOR B. LIMATA, Respondent; EUGENE BARTOLI, Appellant.— Appeal taken by the appellant Eugene Bartoli unanimously dismissed; order appealed from by the appellant