Michael Catalano, J.
The defendant moves for “ an order vacating the plaintiff’s notice to take defendant’s testimony ”.
The notice, dated January 19, 1959, states: “The matters upon which the said defendant, Nestor Szymanski is to be examined are all of the relevant and material allegations of fact put in issue by the pleadings of this action.” It also seeks to have furnished at the examination certain documents concerning the defendant’s financial position and net worth.
The defendant contends that an examination before trial in a contested matrimonial action is against public policy.
It is not disputed that the notice sought to hold the examination on February 6, 1959 at 2:00 p.m.; that no objection was made to the notice; that on February 5, 1959 “defendant’s counsel requested a one week adjournment under the excuse that he would be out of town on February 6th, 1959;” that on February 18, 1959, the plaintiff’s attorney was served with the moving papers.
The plaintiff contends that the examination is proper and that the defendant waived his right to vacate the notice.
Rule 121-a of the Rules of Civil Practice was amended, effective March 1, 1958, in part, by adding: “ In all other actions, except those in which by local rule or decision the party seeking the examination is required to establish special circumstances in order to obtain the examination, it shall be sufficient if, as to the matters upon which a person is to be examined, the notice shall state that the examination shall be ‘ with respect to the relevant and material allegations of fact put in issue by the pleadings in the action.’ ”
This sentence refers to any action other than a negligence action seeking damages for personal injury, wrongful death or injury to property.
There is no “ local rule or decision ’ ’ prohibiting this examination.
Before March 1, 1958, the First Department held that examinations before trial in matrimonial actions which inquired into the marital relations of the parties, as a matter of policy, were *400 usually not permitted, unless special circumstances were shown (Tausik v. Tausik, 280 App. Div. 887; Field v. Field, 281 App. Div. 657; Schirmer v. Schirmer, 285 App. Div. 1049) ; the Second Department agreed (Immerman v. Immerman, 230 App. Div. 458; Shatz v. Shatz, 248 App. Div. 594; Appelbaum v. Appelbaum, 273 App. Div. 966); the Third and Fourth Departments have not reported upon the subject.
On January 26,1959, the Second Department held that: “ The granting or denial of a motion for examination of a husband before trial as to his financial status should be left to the sound discretion of the Special Term ’ ’, thus departing from its former “ matter of policy.” (Kirshner v. Kirshner, 7 A D 2d 202, 203.)
In any event, the rule should be in matrimonial actions, except where local rule or decision forbids, that a husband may be examined before trial upon all relevant and material allegations of fact put in issue by the pleadings in the action, including the marital relations of the parties and his financial status. Such would be tantamount to cross-examination of the defendant, thereby aiding in learning the truth and shortening the trial itself.
The executed stipulation adjourning the examination, without reserving the right to move to vacate the notice, constituted a waiver and estoppel. (Haas v. Rothenberg, 6 A D 2d 797.) No facts are presented sufficient to persuade the court to relieve the defendant from the effects of this stipulation.
Motion denied, without costs. Prepare and submit order accordingly.