Domenick Gabbielli, J.
In this separation action, the defendant husband seeks to examine the plaintiff before trial, pursuant to the provisions of rule 121-a of the Rules of Civil Practice, by notice of examination upon ‘ ‘ all of the relevant and material allegations of fact put in issue by the pleadings of this action
The plaintiff now seeks to vacate the notice of examination upon the ground that it is against public policy arid that it being *1023 a matrimonial action, the defendant is not entitled to a general examination.
It has been the general rule that in matrimonial actions, such examinations will be denied unless special circumstances are shown. (Field v. Field, 281 App. Div. 657; Tausik v. Tausik, 280 App. Div. 887; Immerman v. Immerman, 230 App. Div. 458; Shatz v. Shatz, 248 App. Div. 594.) This rule has in the past been universally adhered to by all the courts.
Prior to March 1, 1958, rule 121-a of the Rules of Civil Practice (added July 1, 1952), provided in part that in negligence actions it would be sufficient “ if, as to matters upon which a person is to be examined, the notice shall state ‘ all of the relevant facts and circumstances in connection with the accident, including negligence, contributory negligence, liability or damages
Thereafter and on March 1, 1958, this rule was amended by adding to the above, the following language: “In all other actions, except those in which by local rule or decision the party seeking the examination is required to establish special circumstances in order to obtain the examination, it shall be sufficient if, as to the matters upon which a person is to be examined, the notice shall state that the examination shall be with ‘ respect to the relevant and material allegations of fact put in issue by the pleadings in the action. ’ ”
Obviously, this last-quoted sentence does (and must) refer to any action other than a negligence action and, of course, is effective and operative unless there is a “ local rule or decision ” prohibiting the examination.
There is no local rule or decision prohibiting this examination. The rule is, therefore, in matrimonial actions, except where local rule or decision forbids, that a party may be examined before trial upon all relevant and material allegations of fact put in issue by the pleadings in the action. (See Szymanshi v. Szymanshi, 16 Misc 2d 398.) Motion denied.