■ ABRAM J. BURCH, Appellant, v. JOAN V. BURCH, Respondent.— Order unanimously affirmed, without costs of this appeal to either party. Memorandum: The plaintiff husband applies for a very broad examination of the defendant concerning allegations of adultery in this divorce action. We affirm the order upon the ground that the discretion of the Special Term Justice was well exercised in denying the plaintiff's motion for the examination. In seeking the examination the plaintiff relied on *Szymanski* v. *Szymanski* (16 Misc 2d 398) and *Pizzo* v. *Pizzo* (33 Misc 2d 1022). Both of these cases were matrimonial actions and the examinations were permitted upon "all of the relevant and material allegations of fact put in issue by the pleadings in this action." In a matrimonial action an examination of this scope should be granted only under very special circumstances and not casually or routinely. Although we do not feel that it is necessary for this Department to adopt a rule in this matter, this memorandum will serve as notice of our attitude in respect to such examinations. This does not apply to examinations into the financial condition and status of the parties. (Appeal from order of Monroe Special Term directing service of a bill of particulars and denying a motion for an examination before trial of defendant.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAUL JAMES GORNEY, Appellant.— Judgment and order unanimously affirmed. Memorandum: This case was tried in October, 1961. Judgment of conviction was entered on November 30, 1961. On the same day the Trial Judge granted a certificate of reasonable doubt and defendant was admitted to bail during the pendency of the appeal. (Code Crim. Pro., § 527.) Argument thereof took place some 15 months later. Section 529 provides, however, that if the appeal is not argued or submitted within 120 days after the granting of the certificate the defendant shall surrender himself in execution of the judgment of conviction "unless the court wherein the appeal is pending shall, on five days' notice of motion therefor to the district attorney, for good cause shown, extend the defendant's time to argue the appeal." Over a period of time we have observed that this statutory provision is ignored by defense counsel and District Attorneys and by the court if the matter is brought to its attention. We construe the provisions of section 529 to place upon the District Attorney and the appropriate court or Judge the joint responsibility of complying with the provisions thereof relating to surrender of the defendant at the end of the prescribed statutory period. It is obvious that in such event no defendant will voluntarily surrender himself in execution of the judgment. If an appropriate order has not been made by this court extending defendant's time to argue the appeal, the prosecutor should move before the appropriate court or Judge for an order directing execution of the judgment. (Appeal from judgment and order of Erie County Court convicting defendant of burglary, second degree, and assault, second degree. The order denied a motion for a new trial.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.