■ BETTY L. DUNLAP, Respondent, v. CHARLES DUNLAP, Appellant. (Appeal No. 2.) — Order unanimously modified in accordance with the memorandum and as so modified affirmed, with costs to respondent. Memorandum: Defendant appeals from an order of Monroe Special Term which denied his motion for a protective order to avoid the taking of his deposition as demanded in plaintiff's notice. The notice sought examination of all relevant facts and circumstances in connection with plaintiff's action for divorce predicated on the nonfault ground of living apart for a period of two years after the execution of a written separation agreement, and also in connection with defendant's counterclaim based on the fault ground of adultery. Sensitive that use of pretrial disclosure might destroy any chance of reconciliation of the parties, prior law has restricted use of disclosure in matrimonial actions (*Nomako* v. *Ashton*, 20 A D 2d 331; *Burch* v. *Burch*, 18 A D 2d 964; McKinney's Cons. Laws of N. Y., Book 7B, Practice Commentary, CPLR 3101; C3101:15). Since laws now in force (Domestic Relations Law, §§ 170, 215, 215-c) require matrimonial actions to go forward only after submission to conciliation, the reasons for restricting use of disclosure in matrimonial actions have been substantially diminished. In our opinion the order properly permitted disclosure of all relevant facts and circumstances in connection with plaintiff's action, but disclosure by defendant on the issue of the adultery alleged in his counterclaim should not be required because he is not competent to testify on that issue. (CPLR 4502.) The order should, therefore, be modified by substituting for the first ordering paragraph thereof the following provision: Ordered that the motion be granted to the extent of deleting from the notice to take defendant's deposition the words " counterclaim raised by the defendant ", and the motion is otherwise denied. The second ordering paragraph should be modified by substituting the

date July 1, 1970 for December 31, 1969. (Appeal from order of Monroe Special Term, denying motion for disclosure in divorce action.) Present — Goldman, P. J., Marsh, Witmer, Moule and Henry, JJ.