Martin B. Stecher, J.
The respondents’ motion in this summary proceeding for leave to take petitioner’s deposition before trial brings into issue the procedural changes mandated by the CPLR from that followed under the. Civil Practice Act.
Initially, these respondents sought to take testimony on notice (CPLR 3102, subd. [b]). The notice was dated April 27, 1972; it scheduled the examination for May 8, 1972; but the trial was originally scheduled to be had on April 24,1972. On May 2,1972, the respondents procured an order requiring petitioner to show cause why such deposition should not be had.
*613 The initial procedure — service of a notice — was ineffective. To be sure in the leading case in this department allowing depositions (42 West 15th St. Corp. v. Friedman, 208 Misc. 123) the court had before it an application on notice rather than on motion. But Friedman (supra) is not authority to proceed by notice under the CPLR.
Section 288 of the Civil Practice Act, in effect at the time of the Friedman case (supra), provided generally for the taking of depositions in an action; section 290 of the Civil Practice Act permitted them to be initiated on notice; and section 308 of the Civil Practice Act permitted depositions to be taken in a special proceeding 11 as though the proceeding were an action. ’ ’ Those being the pertinent statutory provisions it was inevitable, under the impetus of Dorros Inc. v. Dorros Bros. (274 App. Div. 11), and similar cases, that depositions on notice would be encouraged in summary proceedings.
The statutes succeeding the Civil Practice Act altered that procedure. To be sure, it was intended that disclosure would be obtained on notice ‘ ‘ Unless otherwise provided by the civil practice law and rules ’ ’ (CPLR 3102, subd. [b]). It was ‘ ‘ otherwise provided.” Summary proceedings are by definition special proceedings (Real Property Actions and Proceedings Law, § 701) and “Leave of court shall be required for disclosure ” in all special proceedings (CPLR 408). Taking testimony by deposition is unquestionably such á disclosure device (CPLR 3102, subd. [a]). Accordingly a party cannot take another’s deposition in a summary proceeding without a court order.
One purpose of requiring parties to proceed by motion is to prevent an unwarranted delay in proceedings intended to be summary (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 408.01; Real Property Actions and Proceedings Law, §§ 733, subd. 1, and 745; CPLR 403, subd. [b]). Such delays have already occurred here. Another and collateral reason is for the court to determine if the deposition — and the delays thereby, incurred — are necessary to the party’s case (Matter of Katz Buffalo Realty v. Anderson, 25 A D 2d 809).
It would seem, therefore, that a party making such a motion should do so by notice of motion or by order to show cause returnable on the return date of the petition (CPLR 406) so that the court, if it deems the motion meritorious, may grant it without delaying the trial more than 10 days (Real Property Actions and Proceedings Law, § 745). Thus, the moving party has the burden of demonstrating the necessity of any deposition and of the items to be investigated.
*614 While the moving papers in this case hardly meet these standards, in view of the scarcity of prior reported cases, the showing that a waiver (or estoppel) may exist and that the language of a tax clause appears ambiguous requiring evidence of the parties’ intent, the motion is granted to the limited extent of directing the taking of petitioner’s deposition on those two points as set forth in my accompanying order.