■ EDWIN WEGMAN, Respondent, v. BERNICE WEGMAN, Appellant.— In an action for divorce, the defendant wife appeals from so much of an order of the Supreme Court, Nassau County, dated June 21, 1974, as denied her motion for a protective order. Order affirmed insofar as appealed from, without costs. No opinion. Latham, Benjamin and Munder, JJ., concur; Hopkins, Acting P. J., and Martuscello, J., dissent and vote to reverse the order insofar as appealed from and to grant the defendant wife's motion for a protective order in accordance with the following memorandum: This court has traditionally required that the right to an examination before trial as to finances in matrimonial actions be conditioned upon a showing of "special circumstances" (*Morse* v. *Morse,* 40 A D 2d 996; *Standley* v. *Standley,* 41 A D 2d 564; *Stern* v. *Stern,* 39 A D 2d 767). Many of the considerations which led to articulation of the special circumstances rule for such pretrial financial examinations are also present where pretrial physical examinations are sought. A consistent and understandable approach to these kinds of matrimonial pre-

trial examinations compels the conclusion that the rules governing such disclosures should be as similar as logic and practical application permit. In the case at bar, the plaintiff husband should not have to be surprised at the trial by medical testimony. But neither should the defendant wife have to undergo physical examination unless it is absolutely essential to the disposition of the case. Consequently, so much of the order of Special Term as denied her motion for a protective order should be reversed, and her motion should be granted, with leave to the plaintiff husband to serve notice for a physical examination of the defendant wife only after it shall have been established that she will introduce some form of medical testimony at the trial in support of her first counterclaim.