James Gibson, J.
The defendant wife moves* for a protective order vacating a notice of deposition "with respect to evidence material and necessary in the — prosecution-defense — of this action”, as (1) unauthorized in a matrimonial action, and (2) as improperly noticed for Albany County.
Under CPLR 3101, provision is made quite generally for full disclosure of evidence, subject to certain exceptions, one of which relates to "privileged matter”, to the disclosure of which objection has been made. The motion in this case, however, is not specifically addressed to a threatened violation of privilege but — in the words of movant’s brief — rests rather on the supposed principle "that absent some showing of extraordinary circumstances shown by the party seeking it, he should not be permitted to force discovery of facts material to the elements of the cause of action for divorce.”
In a 1964 case (Nomako v Ashton, 20 AD2d 331, 333), the Appellate Division, First Department, said, albeit in dictum, that: "In [matrimonial] cases the possibility of abuse is so great the burden should be placed upon the party seeking the examination, and a protective order denying the examination should issue unless the burden is satisfied.” Since that decision, the rule has gradually relaxed (see, e.g., Margulies v Margulies, 52 AD2d 567; Perse v Perse, 52 AD2d 60). Thus, in 1970, the Appellate Division, Fourth Department, said (Dunlap v Dunlap, 34 AD2d 889) that with the enactment of the statutory requirement of submission of matrimonial actions to conciliation, the reasons for restricting disclosure "have been substantially diminished” and held that the Special Term order "properly permitted disclosure of all relevant facts and circumstances in connection with plaintiff’s action, but disclosure by defendant on the issue of the adultery alleged in his *537 counterclaim should not be required because he is not competent to testify on that issue.” The subsequent repeal of the conciliation procedures — for reasons unrelated to disclosure problems — would seem to afford no basis for turning back the evolving liberalization evidenced by Dunlap and the cases following it.
Although Plancher v Plancher (35 AD2d 417, affd without opn 29 NY2d 880) was decided prior to the enactment of the present financial disclosure proceedings provided by section 250 of the Domestic Relations Law (L 1975, ch 690, as amd by L 1975, ch 691), the defendant wife was directed to respond to interrogations as to her financial condition, the court (p 422) holding: "The defendant has submitted no countervailing circumstances which render improper the disclosure of her financial condition. In this perspective, the disclosure requested by the interrogatories plainly serves the objective of adequate preparation of the parties for trial and the orderly and expeditious conduct of the trial.”
The right to disclosure of factors other than those purely financial was shortly recognized in Wegman v Wegman (46 AD2d 908, affd 37 NY2d 940). The Court of Appeals memorandum of affirmance noted that defendant’s "physical condition” was "in controversy” (CPLR 3121), in respect of which plaintiff was entitled to request a physical examination, and continued (p 941): "CPLR 3121 does not prohibit such examinations in matrimonial actions, and although we recognize the potential for abuse in these cases, the court’s broad discretionary power to grant a protective order 'to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts’ (CPLR 3103) should provide adequate safeguards”.
At Special Term in the Fourth Department, Justice Gabbielli, as he then was, had previously held (Pizzo v Pizzo, 33 Misc 2d 1022, 1023): "The rule is, therefore, in matrimonial actions, except where local rule or decision forbids, that a party may be examined before trial upon all relevant and material allegations of fact put in issue by the pleadings in the action”.
In 1971, a leading commentator, reiterating his conclusion as previously expressed, noted the direction of the decisional law toward the concept "that restriction on disclosure in matrimonial actions should no longer be generic but. instead left to protective order on a case-by-case basis” (Siegel, Prac *538 tice Commentaries, McKinneys Cons Laws of NY, Book 7B, CPLR C3101:15, 1976-1977 Pocket Part, p 16), a view reemphasized in later commentaries.
That present-day procedural concepts require disclosure in matrimonial cases, as in other litigated causes, in respect of all the issues upon which the party deposed is competent to testify, seems clear; recognizing that protection — perhaps even special protection — will always be afforded by the court’s inherent and statutory authority to intervene, even after the taking of the deposition shall have been commenced, to prevent abuse of the procedure or an interrogation found in a particular case to be offensive to recognized public policy. The motion must, therefore, be denied insofar as it seeks to vacate the notice of deposition as unauthorized.
Contrary to movant’s additional contention, the deposition may properly be conducted in Albany County, that being the county where the action is pending (CPLR 3110, subd 1), the defendant wife having shown no undue hardship beyond the inconvenience of round trip travel of 160 miles, the reasonable cost of which is an expense of litigation reimbursable by the husband, as seems to be conceded by his attorney’s supplemental reply affidavit.
Motion denied, without costs.

 This being an Albany County action, the motion was improperly noticed for hearing at Special Term in Warren County, but counsel stipulated, in open court, that it be heard and determined there.