OPINION OF THE COURT
Arthur E. Blyn, J.
This omnibus motion by plaintiff presents to the court what appears to be an issue of first impression: should pretrial discovery be permitted in a matrimonial action on the question of child custody?
The plaintiff has already been examined on oral questions. The dispute revolves around questions asked of her relating to the issue of custody of the one child who is still an infant. The plaintiff refused to answer questions dealing with that issue on advice of her attorney. The defendant also issued subpoenas duces tecum to two nonparty persons, Mrs. William Diamond and Dr. Arthur N. Gabriel, in connection with this issue of custody. Plaintiff moves, inter alia, for a protective *705 order denying discovery, as to the unanswered questions on her own deposition and the disclosure sought from the non-party witnesses, and to restore this case to the trial calendar. The determination of the latter requested relief rests on the court’s decision on the application for a protective order.
There was a time when the courts restricted pretrial disclosures in matrimonial actions. The Appellate Division, First Department, acknowledged this reluctance, in Nomako v Ashton (20 AD2d 331, 333) stating: "Even under the liberalized Civil Practice Law and Rules, however, pretrial examination should still be limited 'in certain kinds of actions where experience indicates a risk that the examination will be unduly burdensome to one or more parties’ [citation omitted]. Thus in matrimonial actions experience has shown that 'the pretrial examination too often becomes an exacerbating circumstance’ (Hunter v Hunter, 10 A D 2d 291, 294). In such cases the possibility of abuse is so great the burden should be placed upon the party seeking the examination, and a protective order denying the examination should issue unless the burden is satisfied.”
The limitation on discovery in matrimonial actions began to be relaxed insofar as the financial condition of the parties was concerned, the Appellate Divisions adopting different criteria, some more restrictive, as to when disclosure would be permitted. (See Ponard v Ponard, 52 AD2d 564; Perse v Perse, 52 AD2d 60.) The question was finally put to rest with the enactment of section 250 of the Domestic Relations Law which directs, without the need to show any special circumstances, compulsory financial disclosure by both parties. While there is authority to the contrary (Maxwell v Maxwell, 88 Misc 2d 535; Siegel, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C 3101:15, 1977-1978 Pocket Part, p 7), the controlling view in the First Department is that the statute has not changed the rule prohibiting the discovery of information concerning the merits of a matrimonial action (Billet v Billet, 53 AD2d 564). As previously indicated the initial premise for placing limitations on pretrial examinations in matrimonial proceedings was the fear that such procedures might make conciliation less possible.
This court takes note of the defendant’s affidavit, submitted in opposition to the motion, in which he stated: "I have made repeated (and partially successful) attempts at reconciliation with the plaintiff, for the benefit of the family unit; me, my *706 wife and my children. I am in fact now living with my wife and sincerely hope to continue to do so without intending to slight the profession (I am a non practicing attorney), I believe that my wife and I might well work out our difficulties if it were not for the constant prodding of her attorney”.
With such a professed attitude on the part of the defendant it appears to this court that the original and apparently still viable reluctance to grant a pretrial examination in matrimonial proceedings is relevant to this case.
There is a further basis for a reluctance to permit a pretrial examination on the issue of custody and that is the fact that no matter what the outcome of this matrimonial proceeding the parties will still be bound to each other for life as parents of their two children. Pretrial examinations of each other and nonparty witnesses on the issue of custody can only serve to make such a future relationship even more difficult (Hunter v Hunter, 10 AD2d 291). The court considers the issue of custody as requiring more sensitivity than in any other part of the human relationships dealt with in the court. The court also has a special relationship in this regard as parens patriae of the infant child.
Even in Maxwell v Maxwell (88 Misc 2d 535, supra) which involved a pretrial examination in a matrimonial proceeding, cited by the defendant in support of his claim to the right to pretrial examination on the issue of custody, the court conceded (at p 538): "That present-day procedural concepts require disclosure in matrimonial cases, as in other litigated causes, in respect of all the issues * * * recognizing that protection — perhaps even special protection — will always be afforded by the court’s inherent and statutory authority to intervene, even after the taking of the deposition shall have been commenced(Italics supplied.)
The court exercises its inherent and statutory powers and grants the motion for a protective order as to any further pretrial examination of the plaintiff, and as to the disclosure sought by subpoenas duces tecum served on Mrs. Diamond and Dr. Gabriel and of any other persons on the issue of custody.
The court therefore also grants the motion to restore this cause of action to the calendar and a copy of this order with notice of entry shall be served on the Clerk of Special Term, Part V, for this purpose.
That part of the motion which seeks leave to enter a money *707 judgment for counsel fees awarded by Justice Gomez is granted and such money judgment in the sum of $4,615.42, with interest from dates due, may be entered.
Statements by the defendant that: "I have provided the plaintiff with ample funds to pay her attorneys” and "In fact, I have paid her much more than the amount claimed for attorneys’ fees”, are not a defense to the relief sought to compel payment of counsel fees awarded by court order.