OPINION OF THE COURT
Joseph J. Sedita, J.
This is a motion by the defendant who seeks a protective order. Plaintiff has sought pretrial disclosure, via interrogatories, of information allegedly relevant to the merits of a counterclaim asserted by the defendant in this matrimonial action.
The essential issues before this court are: (1) whether pretrial disclosure on the merits should be permitted in a matrimonial action; and (2) if such disclosure is permissible, should any of these interrogatories be excluded on other grounds?
The law on the issue of pretrial merits disclosure in matrimoniáis is by no means a settled question in our courts. The issue brings into sharp confrontation two strongly held public policies. In opposition to pretrial matrimonial disclosure is the *407 public policy favoring the continuation of marriages. Until recent years, New York courts have generally viewed pretrial matrimonial disclosure as a procedure akin to the placement of salt in the open matrimonial wound. Accordingly, the courts were hesitant to increase the pain and impede any possibility of recovery for the dying marriage. (See Burch v Burch, 18 AD2d 964; Kasden v Kasden, 49 Misc 2d 743; Gerard v Gerard, 56 Misc 2d 623.)
The rule of nondisclosure in matrimonial cases has existed in opposition to the clearly established statutory policy favoring disclosure in order to "advance the function of a trial to ascertain truth and * * * accelerate the disposition of suits.” (See Rios v Donovan, 21 AD2d 409, 411; CPLR 3101.)
An initial examination of applicable case law would indicate that Dunlap v Dunlap (34 AD2d 889) determined this precise issue in the Fourth Department. In Dunlap, the court permitted disclosure on the merits in matrimonial actions. It seemed to base its decision on the creation of conciliation bureaus by the Legislature. Said bureaus were designed to insure that any possibility of reconciliation was pursued before a matrimonial action was continued. (Domestic Relations Law, §§ 215-215g, repealed L 1973, ch 1034.) With the conciliation bureaus in operation, according to Dunlap, there was no longer any reason to deny disclosure based upon hope of reconciliation. A matrimonial action which continued beyond the conciliation procedures was in effect determined to be an action in which there was no reasonable hope of reconciliation. With the repeal of the conciliation bureau system in 1973, the rationale of Dunlap was apparently eliminated and the issue was once again thrown into question.
We note that in repealing the conciliation bureau statute (Domestic Relations Law, §§ 215-215g), the Legislature seemed to implicitly recognize the lack of any real possibility of saving most marriages once an action had been commenced. (See L 1973, ch 1034, and accompanying legislative memorandum; see, also, McKinneys Cons Laws of NY, Book 7B, Commentaries, C.3101:15.) In effect, the Legislature had determined that the pre-Dunlap rationale (hope of reconciliation) for denying disclosure on the merits was not substantially in accord with reality.
Since the Legislature has implicitly determined that there is little hope for reconciliation after most matrimonial actions have been commenced, there is no longer a sound basis for *408 permitting this exception to the strong statutory policy favoring full disclosure (CPLR 3103). (See, also, Maxwell v Maxwell, 88 Misc 2d 535; Cox v Cox, Supreme Ct, 1977, Doerr, J).
The decision to permit disclosure on the merits in matrimonial actions does not of course eliminate possible objections to particular questions on other grounds. The statute does not give the inquisitor a "carte blanche” right to any and all information sought (CPLR 3101.)
This court has carefully examined the challenged interrogatories to determine if they meet the standards of materiality and necessity which are required by this statute (CPLR 3101, subd [a]).
The court has determined that the following interrogatories are unduly burdensome and not sufficiently in accord with the requirements of this statute: interrogatories 36-39, 44-48 and 52-55.
Accordingly, the defendant’s motion for a protective order is denied in part and granted as to those numbered questions enumerated above.