OPINION OF THE COURT
Thomas P. Flaherty, J.
In this postdivorce special proceeding the defendant, former husband, seeks sole custody of the infant issue of this marriage, the judgment of divorce having awarded the parties joint custody.
The issue before the court concerns entitlement to disclosure pursuant to CPLR article 31 in preparation for a postdivorce judgment hearing to determine child custody. More specifically, the defendant herein seeks to take the depositions upon oral questions (CPLR 3102, subd [a]) of his former wife and her current husband.
Pursuant to the judgment of divorce granted March 16, 1982, the parties were awarded joint custody of the infant issue of the marriage, Lindy, presently six years old. By an order to show cause granted by this court on January 10, 1984, the defendant seeks an award of sole custody. In support of this application the defendant submits an affidavit alleging that the plaintiff has married an individual who is an alcoholic, has been hospitalized for his alcoholism, and who, on information and belief, has struck the *436 infant daughter on several occasions causing bruises on her arms and instilling fear of him in her. Defendant further asserts that it was the parties’ intention that, in the event the plaintiff remarried or cohabited, the defendant must approve of such person or receive sole custody. Defendant states that he has been denied visitation from time to time and that several of the support checks sent to the plaintiff have been-indorsed by her current husband. Defendant concludes by stating that his housing facilities are better suited for the needs of their daughter, that he is more capable of providing her with a moral and just upbringing, and that she would attend a better school if living with him.
In her answering affidavit the plaintiff admits that her current husband is an alcoholic but states that he has been treated for this disease and has not had a drink since September of 1983. Plaintiff goes on to deny and rebut the allegations made by the defendant and makes allegations to the effect that the defendant’s home situation is unsuitable for their daughter.
On the return date of the order to show cause seeking an award of sole custody this court ordered an evidentiary hearing thereon. Subsequently, the court was presented with a question concerning disclosure in the preparation of that hearing.
By a notice pursuant to CPLR article 31 dated January 31,1984, the defendant seeks to take the oral depositions of the plaintiff and her current husband with respect to evidence material and necessary in the prosecution of his application for sole custody. The notice states that “this is NOT A FINANCIAL EXAMINATION. IT IS NECESSARY FOR THE PROSECUTION OF THIS ACTION.”
By notice of motion dated February 7,1984, the plaintiff seeks a protective order vacating the defendant’s notice to take the oral depositions of the plaintiff and her current husband. By notice of cross motion dated February 15, 1984, the defendant seeks an order allowing the deposition of the plaintiff’s new husband.
Initially, the court notes, sua sponte, that what is before the court is not an action, which is commenced by service of a summons (CPLR 304), but rather a special proceeding, *437 commenced by service of an order to show cause, pursuant to section 240 of the Domestic Relations Law seeking to change a custody provision contained in a judgment of divorce. As such, the defendant, former husband, is more properly denominated petitioner and the plaintiff, former wife, the respondent (CPLR 105, subd [b]).
The significance of the denomination of this matter as a special proceeding rather than as an action lies in the procedures to be followed. CPLR 103 (subd [b]) provides that “Except where otherwise prescribed by law, procedure in special proceedings shall be the same as in actions, and the provisions of the civil practice law and rules applicable to actions shall be applicable to special proceedings.” CPLR article 31 governs procedures for disclosure in an action. However, CPLR article 4, entitled “Special Proceedings” provides in CPLR 408 that “Leave of court shall be required for disclosure except for a notice [to admit] under section 3123.” Accordingly, defendant’s notice to take the depositions of the plaintiff and her current husband in this special proceeding without leave of court was ineffective. Rather than vacate the notice to take depositions for failure to comply with CPLR 408, the court will treat the defendant’s cross motion as an application pursuant to CPLR 408 and the plaintiff’s motion as a cross motion in opposition thereto.
Aside from whether or not the court would grant the defendant leave to take the deposition of the plaintiff’s current husband, the court notes that he is not one of the individuals (CPLR 3101, subd [a], pars [1], [2], [3]) required to provide full disclosure, and adequate special circumstances (CPLR 3101, subd [a], par [4]) have not been shown entitling defendant to depose this nonparty witness.
While the court recognizes that the full and liberal disclosure available under CPLR article 31 and the case law thereunder is applicable to matrimonial actions (Lemke v Lemke, 100 AD2d 735), such is not necessarily the case in a special proceeding following a judgment of divorce (see Tannenberg v Beldock, 68 AD2d 307, 312, involving an application for a postdivorce judgment of arrears in child support).
*438 Leave of court to obtain disclosure is required in a special proceeding to preserve its summary nature (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C408:l, p 527; Siegel, NY Prac, § 555; 1 Weinstein-Korn-Miller, NY Civ Prac, par 408.01). This concern for a swift determination is particularly heightened in a custody matter wherein the petitioner alleges that the custodial parent presents a threat to the emotional and physical well-being of an infant.
In determining questions of child custody the court’s prime consideration is the best interests of the child and what will best promote his or her welfare and happiness. (Eschbach v Eschbach, 56 NY2d 167, 171; Friederwitzer v Friederwitzer, 55 NY2d 89, 93-95.) The best interests of the child should likewise be the prime consideration of a court when exercising its discretion on applications for disclosure in special proceedings (CPLR 408) brought to change custody, as determinations on those applications can tremendously affect the physical and emotional welfare of a child.
Given the defendant’s allegations as set forth above, the court should quickly move this matter to a full evidentiary hearing in the best interests of the child. Prehearing disclosure of the sort applied for herein could only serve to delay that goal.
This defendant does not allege or argue that he could obtain information relative to custody from either the plaintiff or her current husband at a deposition that he could not obtain at a hearing. Nor does defendant indicate that testimony at a prehearing deposition is necessary in order to permit additional investigation or disclosure prior to the hearing.
A second consideration warranting denial of prehearing depositions in this case also involves the best interests of this infant child. Without in any fashion prejudging the outcome of this custody battle, it is conceivable that an award of joint custody or an award of sole custody with visitation to the noncustodial parent will result. In either event, this young child will be exposed to the less than charitable feelings, which these parties have toward one *439 another as reflected in the affidavits submitted on the underlying application for a change in custody. To the extent that prehearing depositions of the plaintiff and her current husband will add to the unfortunate bitterness and tension between these parties, all to the detriment of this young girl, such should be discouraged and avoided absent a compelling reason.
While the court does not hold that prehearing depositions should be disallowed in all postdivorce proceedings involving child custody, it holds that the applicant has the burden of demonstrating that the necessity for such disclosure overrides the best interests of the child which are served by a swift and as harmonious as possible determination of custody. It is the finding of the court that the defendant has failed to meet this burden and therefore his application for prehearing depositions is denied.