■ VICTORIA CORSEL, Respondent, v RALPH CORSEL, Appellant.—In a matrimonial action, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Abrams, J.), entered June 16, 1986, as denied that branch of his motion which was to direct a nonparty witness to appear for an examination before trial, and granted the plaintiff's cross motion for a pendente lite award of an appraisal fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant husband's application to direct a nonparty

witness to submit to an examination before trial was properly denied. The basis for the defendant's application was that the plaintiff wife had committed adultery with the nonparty witness. However, pretrial discovery concerning the merits of a matrimonial action should not be permitted *(see, Ginsberg v Ginsberg,* 104 AD2d 482). Although marital fault, in an appropriate case, may be a factor in fixing an award of maintenance *(see, Blickstein v Blickstein,* 99 AD2d 287, 293; *see also, Stevens v Stevens,* 107 AD2d 987), the single act of adultery alleged herein was not so egregious as to warrant its consideration and, thus, to justify departure from the rule proscribing pretrial discovery with respect thereto.

Finally, because broad pretrial financial disclosure is critical in matrimonial actions *(see, Kaye v Kaye,* 102 AD2d 682, 686; *Colella v Colella,* 99 AD2d 794; *Ahern v Ahern,* 94 AD2d 53, 56), the pendente lite award for an appraisal of certain real property in which both parties claimed an interest was proper *(see, Ahern v Ahern, supra,* at 58). Thompson, J. P., Bracken, Niehoff and Harwood, JJ., concur.