OPINION OF THE COURT
Anthony J. Falanga, J.
*278 This is a motion by the wife for an order pursuant to CPLR 3103 striking and vacating a subpoena and notice to take a nonparty’s deposition. The wife also seeks an award of counsel fees for costs incurred incident to the motion.
The parties were married on March 1, 1992. They have one adopted daughter, Christine, born March 21, 1997, who has been enrolled as a student at the Grace Christian Academy since September 2002. The husband contends that said school has only about 26 students; that none of the teachers are licensed or accredited; that the curriculum is 60% religious based; that the school uses corporal punishment; and that Christine is receiving a restrictive education, the equivalent of home schooling.
Generally, this court does not review a custody forensic report prior to trial except upon the request and consent of the parties, and has not reviewed the report submitted herein. However, the wife has pointed out that the forensic report herein recommends that she have custody, although she concedes that the report notes that Christine’s socialization is limited at the school. The husband responds that although he is not seeking custody of Christine, he is seeking a judgment affording him the right to make decisions concerning the child’s education so that he can enroll her in public school. He states that the forensic report notes that Christine is immature and lacks social development and that the forensic expert specifically recommends that she be placed in an accredited school with a diverse student population.
The husband served a subpoena and notice, pursuant to CPLR 3106, directing a nonparty, David J. McMillan, the administrator of Grace Christian Academy, to attend a pretrial deposition on December 2, 2003. The wife now moves for an order vacating and striking said subpoena and notice on the ground that controlling precedent in the Appellate Division, Second Department, precludes pretrial discovery with regard to the issue of custody.
The Appellate Division, Second Department, has consistently prohibited pretrial discovery on the grounds for divorce on the basis that discovery is unnecessary to prove a cause of action, could be subject to abusive litigation practice and would impact negatively on any possible reconciliation (see, O’Brien v O’Brien, 66 NY2d 576 [1985]; Corsel v Corsel, 133 AD2d 604 [1987]; Ginsberg v Ginsberg, 104 AD2d 482 [1984]; Kaye v Kaye, 102 AD2d 682 [1984]; Van Ess v Van Ess, 100 AD2d 848 [1984]). A *279 similar concern over the sensitive nature of the issues relevant to a custody litigation and the potential for exacerbating the antagonisms incident to such litigation has resulted in the general prohibition of pretrial depositions on the issue of custody (see, Garvin v Garvin, 162 AD2d 497 [1990]; Ginsberg v Ginsberg, supra; Hunter v Hunter, 10 AD2d 291 [I960]; K. v K., 126 Misc 2d 624 [1984]; P. v P., 93 Misc 2d 704 [1978]; Coderre v Coderre, 1990 WL 312774 [Sup Ct, Suffolk County 1990]).
The law has become well settled, that in an appropriate case, a court may award physical custody to one parent and divide “spheres or zones of decision making” between the parents (see, Arenson v Arenson, 2003 NY Slip Op 50573[U] [2003]; Mars v Mars, 286 AD2d 201 [2001]; Tran v Tran, 277 AD2d 49 [2000]; Frize v Frize, 266 AD2d 753 [1999]; Davis v Davis, 240 AD2d 928 [1997]; Winslow v Winslow, 205 AD2d 620 [1994]; Trapp v Trapp, 136 AD2d 178 [1988]; Hugh v Fhara L., NYLJ, June 1, 2000, at 29, col 6).
In the instant case, the husband contends that the educational decision made by the wife to enroll Christine in the Grace Christian Academy is contrary to the child’s best interests and that there are deficiencies in the education and socialization opportunities offered by said academy that will limit and restrict her development. He specifically seeks a judgment of divorce granting him the authority to make educational decisions for Christine including removing her from said academy.
Based upon all of the foregoing, the motion is decided as follows: Under the facts of this case, where the quality of the education available at the Grace Christian Academy is clearly at issue, the court finds that the fact-finding process and its ability to make determinations in Christine’s best interest will be fostered by permitting the husband to conduct a pretrial deposition of the nonparty herein limited to an inquiry relating to the nature and quality of the education offered by said academy.
The wife’s application for an award of counsel fees is denied.