■ MICHELLE LOHMILLER, Respondent, v GORDON LOHMILLER, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals (1) from an order of the Supreme Court, Westchester County (Slifkin, J.), dated September 23, 1985, which denied his motion to, *inter alia,* strike the action from the Trial Calendar and granted the plaintiff wife's cross motion for a protective order against a notice pursuant to CPLR 3121 directing her to appear for a psychiatric examination, and (2), as limited by his brief, from so much of an order of the same court, dated December 12, 1985, as directed him to pay the plaintiff's attorney's fees in the sum of $1,000 incurred in defending a motion for reargument.

Order dated September 23, 1985 affirmed.

Order dated December 12, 1985 affirmed, insofar as appealed from.

The respondent is awarded one bill of costs.

CPLR 3121 provides that when the mental condition of a party is in controversy, any other party may serve notice upon that party to submit to an examination by a designated physician. This section applies to matrimonial actions, but the potential for abuse is so great in these actions that the court is given broad discretionary power to grant a protective order to prevent unreasonable annoyance, expenses, embarrassment, disadvantage or other prejudice to any party *(see, Wegman v Wegman,* 37 NY2d 940). An examination of the record leads us to the conclusion that the Supreme Court properly exercised its discretion in light of the fact that the court had ordered that an extensive evaluation be performed by the Westchester County Department of Probation *(see, Rosenblitt v Rosenblitt,* 107 AD2d 292). Additionally, we find no evidence that the plaintiff has exhibited any psychiatric disability bearing on her ability to care for the child of the parties which would warrant further evaluations at this point in the litigation. The considerable delay that has already occurred in this action and the fact that the parties are living together in the marital residence with the infant in a stressful situation lead us to the conclusion that the determination of the necessity for any further evaluation should be made by the trial court.

Lastly, the court did not abuse its inherent discretion to impose a financial sanction upon the defendant for abusive litigation practices *(see, Gabrelian v Gabrelian,* 108 AD2d 445, *appeal dismissed* 66 NY2d 741). The defendant's motion pa-

pers exaggerated the plaintiff's psychiatric condition and the motion was clearly calculated to delay the trial of this action. Thompson, J. P., Bracken, Weinstein and Kunzeman, JJ., concur.