(March 15, 2004)

◼ ANONYMOUS, Respondent, v ANONYMOUS, Appellant. [772 NYS2d 866]—

In an action for a divorce and ancillary relief, the defendant appeals from stated portions of an order of the Supreme Court, Nassau County (LaMarca, J.), dated May 27, 2003, which, inter

alia, granted that branch of the plaintiff's motion pursuant to CPLR 3124 which was to conduct a mental examination of the defendant and denied the defendant's cross motion for a protective order pursuant to CPLR 3103 (a), and to vacate the plaintiff's notice to submit to a mental examination.

Ordered that the order is affirmed insofar as appealed from, with costs.

CPLR 3121 (a) provides that when the mental or physical condition of a party is in controversy, any party may serve notice on another party to submit to a physical or mental examination by a designated physician. It is a generally accepted principle that parties to a contested custody proceeding place their physical and mental conditions in issue (*see Rosenblitt v Rosenblitt*, 107 AD2d 292, 293-294 [1985]). Furthermore, the value of psychiatric evaluations of both the children and the parents in a matrimonial custody dispute has long been recognized by the courts of this state (*see Rosenblitt v Rosenblitt*, *supra* at 297).

In view of the Supreme Court's determination that the court-appointed physician's findings were inconsistent, it properly directed the defendant to submit to a psychiatric examination and psychological testing, especially since the defendant has a diagnosed mental disorder (*see Sardella v Sardella*, 125 AD2d 384 [1986]; *cf. Rosenblitt v Rosenblitt*, *supra* at 295).

The defendant's remaining contention is without merit. Ritter, J.P., Santucci, Adams and Crane, JJ., concur.