■ MICHAEL W. TORELLI, Respondent, v LINA TORELLI, Appellant. [857 NYS2d 615]—

In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Suffolk County (Mackenzie, J.), dated March 8, 2007, which denied her motion to compel the plaintiff to comply with a notice to submit to a physical examination by a physician designated by her and granted the plaintiff's cross motion for a protective order vacating the notice to submit to a physical examination.

Ordered that the order is affirmed, with costs payable to the respondent.

"CPLR 3121 (a) provides that when the mental or physical condition of a party is in controversy, any party may serve notice on another party to submit to a physical or mental examination by a designated physician. It is a generally accepted principle that parties to a contested custody proceeding place their physical and mental conditions in issue" (*Anonymous v Anonymous*, 5 AD3d 516, 517 [2004]). Although the "broad scope of discovery permitted under the CPLR takes on particular significance in child custody disputes" (*Burgel v Burgel*, 141 AD2d 215, 216 [1988]), "because the potential for abuse in matrimonial and custody cases is 'so great' (*see, Lohmiller v Lohmiller*, 118 AD2d 760; *cf., Wegman v Wegman*, 37 NY2d 940; *Rosenblitt v Rosenblitt* [107 AD2d 292]), the court's discretionary power to limit disclosure and grant protective orders is equally broad" (*Garvin v Garvin*, 162 AD2d 497, 499 [1990]).

In this matter, the court providently exercised its discretion in denying the defendant's motion to compel a physical examination and granting the plaintiff a protective order, as the defendant failed to establish that a legitimate purpose would be served by requiring the plaintiff to undergo a physical examination (*id.*). Rivera, J.P., Skelos, Santucci and Leventhal, JJ., concur.