■ ESTHER DUVAL, Respondent, v CHRISTOPHER DUVAL, Appellant. [925 NYS2d 900]—

■■■■■■■■■■■■■■■■■■■■■■■■■■

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of divorce of the Supreme Court, Nassau County (Ross, J.), entered April 20, 2010, as brings up for review an order of the same court dated January 22, 2010, which denied that branch of his motion which was to impose sanctions upon the plaintiff and her counsel pursuant to 22 NYCRR 130-1.1, and an order of the same court dated January 26, 2010, which denied that branch of his motion which was to suppress all information relating to the contents of records produced in response to a subpoena duces tecum served by the plaintiff upon Long Island Jewish Medical Center and to preclude the plaintiff from using such information, except to the extent of directing that the subject records could not be released by the plaintiff or her counsel to any third party without his written consent or further order of the court.

Ordered that the judgment is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, those branches of the defendant's motion which were to impose sanctions upon the plaintiff and her counsel pursuant to 22 NYCRR 130-1.1 and to suppress all information relating to the contents of records produced in response to a subpoena duces tecum served by the plaintiff upon Long Island Jewish Medical Center and to preclude the plaintiff from using such information are granted, the orders dated January 22, 2010, and January 26, 2010, are modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

Contrary to the plaintiff's contention, under the particular circumstances of this case, the appeal from the judgment brings up for review the orders dated January 22, 2010, and January 26, 2010 (*see* CPLR 5501 [a] [1]).

The Supreme Court improvidently exercised its discretion in denying that branch of the defendant's motion which was to impose sanctions upon the plaintiff and her counsel pursuant to 22 NYCRR 130-1.1. Under the circumstances presented, the conduct of the plaintiff and her counsel in obtaining a "so-ordered" subpoena duces tecum and serving it upon Long Island Jewish Medical Center to obtain the defendant's medical records prior to filing a note of issue and before a trial date was set was frivolous within the meaning of 22 NYCRR 130-1.1 (c), as it was completely without merit in law and cannot be supported by a reasonable argument for an extension, modification, or reversal of existing law (*see* 22 NYCRR 130-1.1 [c]). Contrary to the defendant's contention, pretrial disclosure on the issue of child custody is permissible with respect to a parent's health, since the parties to a contested custody proceeding place their physical and mental conditions in issue (*see Torelli v Torelli*, 50 AD3d 1125, 1125 [2008]; *Anonymous v Anonymous*, 5 AD3d 516, 517 [2004]; *Rosenblitt v Rosenblitt*, 107 AD2d 292, 293-294 [1985]). Here, however, in her attempt to obtain pretrial disclosure of the defendant's medical records in connection with the issue of child custody, the plaintiff sought a "so-ordered" trial subpoena duces tecum from the Supreme Court, thereby obviating the need to obtain the defendant's written authorization to release the records. The plaintiff also failed to serve the subpoena on the defendant in a timely manner, thus depriving him of the opportunity to request withdrawal of the subpoena or to make a timely motion to quash. Moreover, it can be inferred from the record that the challenged conduct was designed primarily to harass and maliciously injure the defendant (*see* 22 NYCRR 130-1.1 [c]). In view of the foregoing, that branch of the defendant's motion which was to impose sanctions upon the plaintiff and her counsel pursuant to 22 NYCRR 130-1.1 should have been granted, and accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing on the issue of the amount of an appropriate sanction to be imposed upon the plaintiff and her counsel.

Furthermore, the Supreme Court improvidently exercised its discretion in denying, with limited exception, that branch of the defendant's motion which was to suppress all information relating to the contents of records produced in response to the subpoena duces tecum served upon Long Island Jewish Medical

Center and to preclude the plaintiff from using such information. Under the circumstances of this case, suppression and preclusion, along with the imposition of a sanction, were the appropriate remedies for the improper manner in which those records were obtained (*see* CPLR 3103 [c]). Accordingly, that branch of the defendant's motion which was to suppress all information relating to the contents of records produced in response to the subpoena served upon Long Island Jewish Medical Center and to preclude the plaintiff from using such information should have been granted in its entirety, with a directive that the plaintiff and her counsel deliver all records produced in response to the aforementioned subpoena to the defendant and to affirm that all such records, and any copies thereof, have been so returned and/or destroyed and were not transmitted to any third party. Skelos, J.P., Covello, Balkin and Austin, JJ., concur.