*894 When a party’s mental or physical condition is placed “in controversy” within the meaning of CPLR 3121 (a), a notice may be served requiring that the party submit to a medical examination or make available for inspection relevant hospital and medical records (see CPLR 3121 [a]; Dillenbeck v Hess, 73 NY2d 278, 286-287 [1989]). While parties to a contested custody proceeding place their physical and mental condition at issue (see Duval v Duval, 85 AD3d 1096, 1097 [2011]; Torelli v Torelli, 50 AD3d 1125 [2008]; Anonymous v Anonymous, 5 AD3d 516, 517 [2004]), the potential for abuse in matrimonial and custody cases is great, and the court has broad discretionary power to limit disclosure and grant protective orders (see Wegman v Wegman, 37 NY2d 940, 941 [1975]; Torelli v Torelli, 50 AD3d at 1125; Garvin v Garvin, 162 AD2d 497, 499 [1990]). Moreover, in this case, the mother’s psychiatric records may contain embarrassing or potentially damaging material that is irrelevant to the issue of the mother’s fitness as a parent.
This Court is vested with the same power and discretion as the Family Court, and may substitute its own discretion, even in the absence of an abuse of discretion (see Matter of SassowerBerlin v Berlin, 31 AD3d 771, 772 [2006]). Under the circumstances of this case, we conclude that, before determining that branch of the father’s motion which was to compel disclosure of the mother’s psychiatric records from November 2007, the Family Court should have conducted an in camera inspection of the subject records to determine the portions thereof, if any, that are material and relevant on the issue of the mother’s fitness as a parent. Eng, P.J., Dillon, Lott and Cohen, JJ., concur.