Glaubach v Slifkin (2021 NY Slip Op 05323)





Glaubach v Slifkin


2021 NY Slip Op 05323


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-12925
 (Index No. 702987/15)

[*1]Felix Glaubach, etc., respondent,
v
David Slifkin, et al., appellants, et al., defendants.


Morrison Cohen LLP, New York, NY (Y. David Scharf, Howard S. Wolfson, and Joaquin Ezcurra of counsel), for appellant David Slifkin, and Sweeney, Reich & Bolz, LLP, Lake Success, NY (Michael H. Reich of counsel), for appellants Jack Bilancia, Anthony Castiglione, Nancy Roa, and Josephine DiMaggio, and Ruskin Moscou Faltischek, P.C., Uniondale, NY (Jonathan C. Sullivan of counsel), for appellants Personal Touch Holding Corp., PT Intermediate Holding, Inc., and Personal Touch Home Care of N.Y., Inc. (one brief filed).
The Wilder Law Firm, P.C., New York, NY (Nicholas Wilder of counsel), for respondent.



DECISION & ORDER
In a shareholder's derivative action, the defendant David Slifkin appeals, the defendants Jack Bilancia, Anthony Castiglione, Nancy Roa, and Josephine DiMaggio separately appeal, and the defendants Personal Touch Holding Corp., PT Intermediate Holding, Inc., and Personal Touch Home Care of N.Y., Inc., separately appeal, from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered July 18, 2018. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions against the plaintiff.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with one bill of costs, that branch of the defendants' motion which was pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions against the plaintiff is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
In 2015, the plaintiff commenced this shareholder's derivative action. After the action was commenced, the plaintiff and his attorney sent approximately 75 letters to various defendants, as well as those defendants' family members, clergy, and attorneys. Therein, the plaintiff made disturbing references, among other things, to plagues, repentance, imprisonment, and punishment by the Internal Revenue Service for tax fraud. The defendants David Slifkin, Jack Bilancia, Anthony Castiglione, Nancy Roa, Josephine DiMaggio, Personal Touch Holding Corp., PT Intermediate Holding, Inc., and Personal Touch Home Care of N.Y., Inc. (hereinafter collectively the defendants), among others, moved, inter alia, pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions against the plaintiff.
Pursuant to 22 NYCRR 130-1.1, sanctions may be imposed against a party or the party's attorney for frivolous conduct. Conduct is "frivolous if: (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (22 NYCRR 130-1.1[c]). "A party seeking the imposition of a sanction or an award of an attorney's fee pursuant to 22 NYCRR 130-1.1(c) has the burden of proof" (Matter of Lebron v Lebron, 101 AD3d 1009, 1010-1011).
Here, contrary to the Supreme Court's determination, the defendants established that the plaintiff's conduct in sending the subject letters was calculated to harass the defendants (see 22 NYCRR 130-1.1[c]). Accordingly, the court improvidently exercised its discretion in denying that branch of the motion which was pursuant to 22 NYCRR 130-1.1 (see Tamburello v Tamburello, 165 AD3d 1006, 1007-1008; Duval v Duval, 85 AD3d 1096, 1097).
We remit the matter to the Supreme Court, Queens County, for a hearing and determination of the appropriate sanction to be imposed against the plaintiff.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court