D.P. v S.P. (2024 NY Slip Op 24320)

[*1]

D.P. v S.P.

2024 NY Slip Op 24320

Decided on December 17, 2024

Supreme Court, Westchester County

Hyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on December 17, 2024
Supreme Court, Westchester County

D.P., Plaintiff,

against
S.P., Defendant.

Index No. XXXXX

Plaintiff, Lisa Zeiderman, Esq., Miller Zeiderman, LLP, 140 Grand Street, 5th Floor, White Plains, New York 10601
Defendant, Dina Kaplan, Esq., Berkman Bottger Newman & Schein, LLP, 445 Hamilton Avenue, 15th Floor, White Plains, New York 10601
Attorney for the Child, Scott H. Stone, Esq., Scott Stone, P.C., 222 Bloomingdale Road, Suite 301, White Plains, New York 10605

James L. Hyer, J.

The following documents 1 — 20 were considered in connection with the Order to Show Cause of Defendant, dated November 15, 2024, (hereinafter "Motion Sequence No. 5"), seeking the entry of an Order granting the following relief:
1. Directing Plaintiff to execute the appropriate HIPAA complaint releases (annexed as Exhibit A — Authorization For Release of Psychotherapy Notes) consenting to the release of the psychotherapy notes and the remainder of the medical records of her former treating mental health professional, Dr. O. K., and her current treating mental health professional, Dr. A. L;
2. Pursuant to CPLR § 2302(b) and CPLR § 3124, directing and/or compelling Dr. O. K. and Dr. A.L. to produce their psychotherapy notes and the remainder of their medical file, if any, not previously provided regarding Plaintiff's therapeutic treatment with the named providers herein in complete response to the So Ordered Subpoenas Duces Tecum [*2]previously served (Exhibit B and Exhibit C); and
3.Granting Defendant such other and further relief as this Court deems just and proper; and
in connection with the Cross Motion filed by Plaintiff on November 20, 2024, (hereinafter "Motion Sequence No. 6"), seeking the entry of an Order:
1. Denying Defendant's Order to Show Cause in all respects, or, in the alternative;
2. If the Court is inclined to grant Defendant's Order to Show Cause and to compel Dr. O. K. and Dr. A. L. to release their psychotherapy notes for Plaintiff:
a. Pursuant to CPLR § issuing a Protective Order and limiting the duration of disclosure to only the last five years;
b.Requiring that the therapists' notes be produced to the Court for an in camera
review, and redacted to remove any potentially sensitive, harmful, immaterial, or irrelevant information to Plaintiff's parenting before such notes are produced to Defendant's counsel, Defendant's expert, or the attorney for the children; and
3. For such other and further relief as the Court deems just and proper.

 PAPERS                     
 DOC. NO.
Order to Show Cause/Affirmation in Support/Exhibits A-H 1-10
Affirmation in Opposition Exhibits A-C 11-14
Notice of Cross Motion/Affirmation in Opposition and Support of Cross Motion/Exhibits 1-3 15-19
Affirmation of the Attorney for the Children 20
 Relevant Factual and Procedural Background
On October 21, 2022, this action was commenced with the filing of a Summons with Notice (NYSCEF Doc. No. 1) and Complaint (NYSCEF Doc. No. 2) which included the undisputed assertion that there are two minor children of the marriage being: (1) M. P., (D.O.B.: XX/XX/XXXX); and (2) J. P. (D.O.B.: XX/XX/XXXX) (hereinafter collectively the "Children").
On October 26, 2022, Defendant's counsel filed an Acknowledgement of Service of Plaintiff's pleadings (NYSCEF Doc. No. 4).
On December 27, 2022, a Request for Judicial Intervention was filed seeking the scheduling of a Preliminary Conference (NYSCEF Doc. No. 13), which was held on April 4, 2023, wherein the parties advised the Court that custody of the Children was at issue, after which a Preliminary Conference Order was entered (NYSCEF Doc. No. 35) indicating that the appointment of an Attorney for the Children would be made.
On April 4, 2023, Scott Stone, Esq., was appointed as Attorney for the Children by Order Appointing Privately Paid Attorney for the Children (NYSCEF Doc. No. 37).
On November 6, 2023, an Order Appointing Forensic Evaluator (NYSCEF Doc. No. 193) was entered appointing [***], as a neutral forensic evaluator to conduct a forensic evaluation of the parties and Children to prepare a report to the Court pertaining to: (1) custody/access; (2) visitation; (3) domestic violence; (4) substance abuse; (5) mental illness; and (6) decision-making. This Order included the following directives:
"Authorizations: The parties shall provide authorizations that will allow the neutral [*3]forensic evaluator to obtain any written records relevant to either party or the child[ren] that the neutral forensic evaluator believes will assist in conducting the evaluation.
Documents: Any and all documents, papers or other material or items voluntarily furnished to the neutral forensic evaluator by a party and/or his or her counsel and/or the Attorney for the Child[ren] shall also be simultaneously copied and forwarded to counsel for the other party and the Attorney for the Child[ren].
Cooperation with Neutral Forensic Evaluator: The parties shall cooperate fully with the neutral forensic evaluator, including providing any releases that permit the neutral forensic evaluator to speak with any physician or therapist involved in the children's welfare, or any individual therapist, group therapist or leader, psycho-pharmacologist, personnel from any facility, or physician of either party and/or the child[ren] whose input the neutral forensic evaluator believes would be helpful in the course of the evaluation. In the event that any party fails to appear for an interview or other appointment, provide information or authorizations, or otherwise cooperate with the neutral forensic evaluator within the time provided for herein, the neutral forensic evaluator shall immediately so advise the Court by letter, on notice to all counsel. Any willful failure by a party and/or counsel to cooperate in full with the neutral forensic evaluator may result in the imposition of any remedy provided for in the CPLR or the rules of the court, including, but not limited to, adjudicating such party to be in contempt of court, imposing financial sanctions, and taking a negative inference against the offending party at the time of trial or during proceedings before the Court."
On May 28, 2024, a Pre-Trial Conference Order (NYSCEF Doc. No. 301) was entered scheduling a trial to commence on [***], and proceed day-to-day through [***]. The Order was amended with modified trial dates by Order (NYSCEF Doc. No. 1192), entered on December 9, 2024.
On June 7, 2024, a Note of Issue and Certificate of Readiness for Trial (NYSCEF Doc. No. 302) was filed.
On July 3, 2024, the Court so-ordered Defendant's Subpoenas seeking the records of Dr. O. K., (hereinafter "Dr. O. K.") and Dr. A. L. (hereinafter "Dr. A. L.") (NYSCEF Doc. Nos. 318 & 319) (hereinafter collectively the "Subpoenas") including the identical demand:
"WE COMMAND YOU that all business and excuses being laid aside, you produce to Honorable James L. Hyer, 111 Dr. Martin Luther King Jr. Boulevard, White Plains, New York 10601 on the 23rd day of July 2024 pursuant to the applicable provisions of the Civil Practice Law and Rules, including Section 2305(d):
Entire medical record, including but not limited to any and all documents, memoranda, statements, records, notes, presenting problems, hospital admission notes and summaries, discharge notes and summaries, medical provider records including all progress and treatment notes (including reasons for visits), diagnoses, prognoses, recommendations, test(s) administered, treatment(s) administered, medication(s) prescribed, medication(s) administered, insurance records, behavioral treatments prescribed, surgical and radiological notes, and any other documents including psychological, neuropsychological and psychiatric assessment reports including tests administered, health insurance submissions and responses, and any other vocational and health related documents pertaining to the Plaintiff D. P. (DOB: XX/XX/XXXX) (SSN: [***]).
The item(s) to be produced shall be provided regardless of whether its original native format is written, electronic or otherwise, and shall be produced in true and accurate written form pursuant to this subpoena. A Certification of Records which accompanies this subpoena must be completed and signed before a Notary Public and must accompany the documents responding to this subpoena.
The circumstances and reasons why this disclosure is sought and required are that said records are relevant and material to the issues between the parties in this action.
Failure to comply with this subpoena is punishable as a contempt of Court and shall make you liable to the person on whose behalf this subpoena was issued for a penalty not to exceed one hundred fifty dollars and all damages sustained by reason of your failure to comply."
On August 2, 2024, the Court so-ordered a Stipulation and Order for the Production of Confidential Information (NYSCEF Doc. No. 330) (hereinafter "Confidentiality Stipulation"), pertaining to discovery and use of confidential information which the parties clearly intended to include documents produced pursuant to HIPAA Authorizations and subpoenas duces tecum.
On November 15, 2024, Plaintiff filed Motion Sequence No. 5 seeking the above-referenced relief (NYSCEF Doc. Nos. 356-365).
On November 20, 2024, Brian E. Lee, Esq., (hereinafter "Counsel Lee") as counsel for Dr. O. K. and Dr. A. L., filed submissions in opposition to Motion Sequence No. 5 (NYSCEF Doc. Nos. 367-370); Plaintiff's counsel filed as a Cross Motion, Motion Sequence No. 6 (NYSCEF Doc. Nos. 372-376); and the Attorney for the Children filed an Affirmation (NYSCEF Doc. No. 377).
No other submissions were made with respect to Motion Sequences Nos. 5 and 6.
 Parties Contentions
Defendant's counsel asserts that the psychotherapy notes and the remainder of the medical records of Plaintiff from Dr. O. K. and Dr. A. L. are necessary for Defendant to prepare for trial on the custodial issues before the Court. Following service of the Subpoenas, Defendant's counsel reports that both medical providers retained legal counsel who advised that due to a carve out in the standard HIPPA release excluding the psychotherapy notes, neither provider would produce such records. Defendant's counsel notes that the mental health and fitness of both parties are at issue. Citing concern that Plaintiff has been treated for a personality disorder and has twice during the marriage received in-patient treatment for psychiatric issues, Defendant's counsel indicates that these records are essential to analyze the forensic report of the Court appointed forensic evaluator and for the Court to properly make a custody determination. Defendant's counsel further asserts that disclosure will not cause Plaintiff harm due to the parties required compliance with the Confidentiality Stipulation.
Confirming Plaintiff's execution of HIPAA Authorizations for both providers and the subsequent review of the records received from same, Defendant's counsel refers to the records as woefully inadequate again stressing the need for disclosure of the providers' notes, "I will not annex them hereto as I do not believe it to be appropriate but will state that upon review, the production was anemic and lent no clarity whatsoever into the mental health treatment Plaintiff received and has been receiving" (see, NYSCEF Doc. No. 357 ¶ 4). Counsel further asserts that the sought after notes, "are needed to properly, fully and completely explore same in a rebuttal report we anticipate offering to the Court" (see, NYSCEF Doc. No. 357 ¶ 8).
Nonetheless, just two paragraphs later, Defendant's counsel confirms the records reveal the frequency of Plaintiff's treatment with one provider in that they demonstrate Dr. A. L. meeting Plaintiff three or four times per week (see, NYSCEF Doc. No. 357 ¶ 6). Then in the next paragraph, Defendant's counsel confirms review of Plaintiff's mental health records reveals Plaintiff's mental health diagnosis averring, " . . . I will, as an officer of the Court, state that upon review of records, it is apparent that Plaintiff has been diagnosed and treated extensively for a personality disorder we believe to be borderline personality disorder" (see, NYSCEF Doc. No. 357 ¶ 7).
Defendant's counsel then asserts that as Plaintiff's counsel acknowledged Plaintiff had a personality disorder at the Preliminary Conference leading to the disclosure of Plaintiff's mental health records. Defense counsel avers, "That acknowledgement and records produced thus far in this case coupled with the Plaintiff's extensive therapy specifically with a specialist in personality disorders and the sheer volume of treatment with Ms. A. L. evidence the need for the disclosure sought" (see, NYSCEF Doc. No. 357 ¶ 25).
Representing the providers, Counsel Lee opposes Defendant's motion noting that while mental health records are discoverable in custody matters as the parties have impliedly waived any privilege or confidentiality with respect to same, this waiver does not extend to psychotherapy notes, the disclosure of which he asserts may never be compelled by a Court. Counsel Lee further argues that the ability of the Court to appoint an expert witness who is a psychiatrist, psychologist or social worker to give testimony with respect to custody or visitation obviates any need for disclosure of the psychotherapy notes of a party.
Counsel Lee further disagrees with the claim of Defendant's counsel that the records provided by his clients were not substantial, noting that with the exception of psychotherapy notes, all of Plaintiff's mental health records have been disclosed (see, NYSCEF Doc. No. 367, Page 6). With respect to the nature of the mental health records disclosed, Counsel Lee notes:
"In paragraph 4, counsel argues that the responses of these non-party witnesses were anemic. But my clients do not create records for the purposes of the court. They produce records for their own purposes in the care and treatment of patients. Incidentally, the response of Dr. O.K. was 125 pages. The arguments of counsel in paragraphs 8 and 9 are sheer conjecture as to any diagnosis made by Dr. O.K. Having said that, the 125 pages of records produced from Dr. O.K. contain a number of diagnoses, and even a letter from Dr. O.K. describing the reasons for each of those diagnoses. We are not putting those records or those diagnoses in this affirmation for confidentiality reasons, but the letter will be found on page 124 of the records produced. Diagnosis codes are found on multiple pages. For instance, diagnosis codes are found on pages 39, 40, 44, 45, 46, 47, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 61, 62, 63, 64, 65, 66, 67, 69, 70, 71, 72, 74 and 111. On pages 108 and 111 there are expanded diagnoses and an explanation for the goals of treatment and results of examinations leading to those diagnoses. Finally, page 124 is a letter explaining in detail what the diagnoses are and why those diagnoses were made. To call thus an "anemic" response (defendant's paragraphs 4 and 17) is simply wrong and misleading to this Court. They have all that they need to see the diagnoses of Dr. O.K. and the request to see the psychotherapy notes is clearly a fishing expedition. In light of the extensive diagnostic information provided the request to see the psychotherapy notes is not intended to ascertain diagnostic information, which is all there is the documents produced."
(see, NYSCEF Doc. No. 367, Pages 9-10)
Plaintiff's counsel also opposes to disclosure of Plaintiff's psychotherapy notes, arguing there is no legal authority to do so, while later in her submission conceding, " . . . there may be circumstances wherein the production of psychotherapy notes is warranted, such circumstances are not applicable here" (see, NYSCEF Doc. No. 373 ¶ 10). Plaintiff's counsel argues that as the Plaintiff's mental health records were turned over to the Court appointed forensic evaluator, there is no challenge to Plaintiff's parental fitness and that public policy strongly favors safeguarding a therapist's impressions and musing of their patient.
With respect to the claim by Defendant's counsel that the records received from Plaintiff's therapists were minimal, Plaintiff's counsel refutes this position:
"Dr. O.K. produced approximately 129 pages of documents which contain, inter alia, a tentative diagnosis by the referring physician, treatment plans(s), details regarding prescribed medications (including the name of medications and dosages), a list of appointments, discharge paperwork from New York Presbyterian Hospital, various communications (including communications with insurance providers, pharmacists, and other of Plaintiff's medical providers), billing statements, DSM-IV diagnosis codes, Current Procedural Terminology (CPT) codes, provider explanations of benefits, an outpatient treatment report, and additional communications with an insurance provider that contains Dr. O.K.'s diagnoses and the results of his examination. Notably, HIPAA excludes all of these items from the definition of psychotherapy notes, which is undoubtedly why they produced as part of Plaintiff's mental health records. 45 C.F.R. § 164.501.
* * *
Defendant already has Plaintiff's mental health and medical records from Dr. O.K. and Dr. A. L.. Yet, for him, it is not enough. Instead, Defendant's counsel insists they must know Dr. O.K.'s and Dr. A. L.'s impressions of precisely what Plaintiff shared with them during therapy sessions. To support this assertion, Ms. Kaplan offers only the conclusory claims that there is a custody trial to begin in January 2025."
(see, NYSCEF Doc. No. 373 ¶ 30 & 32)
In the event the Court directs disclosure of Plaintiff's psychotherapy notes, Plaintiff's cross motion seeks protective restrictions including a limitation to the duration of production to the last five years and in camera review and redaction of the subject notes. 
The Attorney for the Children submitted an Affirmation wherein he sets forth his position that while a patient's psychotherapy notes are confidential, they may be subject to disclosure and that disclosure is warranted in this action. Counsel argues that this Court should have any and all relevant information available in making a determination as to what is in the best interests of the subject children. Counsel then avers that such disclosure should be limited to six years and first reviewed in camera by the Court to protect Plaintiff's privacy rights.

 Legal Analysis
The Court must evaluate if psychotherapy notes may be disclosed in the context of a custody litigation commenced in the State of New York, and if so, what protections should be mandated by the Court to protect the parent's privacy interests, as well as if such disclosure is warranted in this action.
Initially, the Court will note that inherent in custody determinations is the need for the Court to evaluate what outcome will be in the best interests of the subject child or children (see, Eschbach v. Eschbach, 56 NY2d 167 [1982]). This evaluation involves a review of numerous factors including each parent's relative fitness (see, Goudreau v. Corvi, 197 AD3d 463, 464 [2d Dept 2021]), and the mental health of a parent (Moor v. Moor, 75 AD3d 675, 678 [3d Dept 2010]). The Court may appoint a psychiatrist, psychologist, social worker or other appropriate expert to provide testimony with respect to custody, and these forensic evaluators may examine a number of issues including the mental health and fitness of a parent (see, 202 NYCRR § 202.18; DRL § 240 Sub. 1(a-3). Recommendations provided by forensic evaluators may not be arbitrarily disregarded, but their suggestions are not binding upon a court (see, Harvey v. Share, 119 AD2d 823 [2d Dept 1986]; Crivelli v. Tolento, 100 AD3d 884 [2d Dept 2012]). Ultimately, the Court is obligated to utilize its inherent powers parens patriae to protect the best interests of the child or children in custody cases before it by utilizing all relevant available information to make a just determination (see, Weber v. Stony Brook Hosp., 95 AD2d 587 [2d Dept 1983]).
While not binding precedent on this Court, the Hon. Alma M. Gomez, J.F.C., entered a Decision including a learned recital of the Federal and New York State Law applicable to the question of whether psychotherapy notes are subject to disclosure wherein the Court determined that disclosure of such records may occur:
" . . . only where the party seeking disclosure demonstrates that information gleamed from evaluations and other sources is inadequate."
* * *
"Nonetheless, the Court emphasized that in light of possible "chilling effects" therapist-patient privilege should not "cavalierly be ignored or lightly cast aside."
* * *

 . . . there first must be a showing beyond "mere conclusory statements" that 
 resolution of the custody issue requires revelation of the protected 
 material"

 (Jonathan C, 51 Misc 3d 469 [Bronx Sup Ct 2015] citing Perry v. Fiumano, 61 AD2d 512 [4th Dept 1978]).

This Court agrees with the determination made in Jonathan C that in the context of a custody litigation within the State of New York, psychotherapy notes of a parent may be subject to disclosure. However, in the event of such disclosure of psychotherapy notes is directed, appropriate efforts must be made by the Court to protect the privacy of the patient/parent by determining the appropriate time period of such disclosure, entering a protective order prohibiting the disclosure of the notes beyond the subject litigation, and through in camera inspection of the notes by the Court (see, Matter of Worysz v. Ratel, 101 AD3d 893, 894 [2d Dept 2012]).
While the Court rejects the notion that the mere appointment of a forensic evaluator within a custody litigation forecloses the possible disclosure of psychotherapy notes, as such appointment is only one of the resources utilized by the Court to make custody determinations, the need for such disclosure must be clearly set forth by the movant. Here, the Court determines that Defendant has failed to meet this burden as there was no showing that specific information was sought by Defendant that was not readily available from other sources including the substantial amount of mental health records of Plaintiff that were already disclosed.
Accordingly, the relief sought in Motion Sequence No. 5 is hereby denied and the relief [*4]sought in Motion Sequence No. 6 is granted to the extent that Motion Sequence No. 5 is denied.
A. Request for Other Relief
To the extent relief requested has not been granted or otherwise addressed herein it is denied.
* * *
Based upon the foregoing, it is hereby
ORDERED that Motion Sequence No. 5 is denied; and it is further
ORDERED that Motion Sequence No. 6 is granted to the extent that Motion Sequence No. 5 is denied; and it is further
ORDERED that Plaintiff's counsel shall serve via e-mail this Decision and Order with Notice of Entry on all counsel and self-represented parties of record, by December 20, 2024, and shall file same with an Affidavit of Service by December 20, 2024; and it is further
ORDERED that to the extent any relief sought has not been granted, it is expressly denied.
The foregoing constitutes the Decision and Order of the Court. 
Dated: December 17, 2024
White Plains, New York
ENTER:
HON. JAMES L. HYER, J.S.C.